IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN PARLANTE,

    Petitioner,        No. 2:12-cv-00502-WBS-DAD P

    vs.

PEOPLE OF THE STATE OF        FINDINGS AND RECOMMENDATIONS
CALIFORNIA,

    Respondent.
_____/

        Petitioner, an inmate at the Sacramento County Main Jail, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

        In his petition, petitioner alleges that he is currently in local custody awaiting trial in the Sacramento County Superior Court on felony charges of assault with a deadly weapon (Cal. Penal Code § 245) and stalking (Cal. Penal Code § 646.9). Petitioner claims that the Sacramento County Superior Court has failed to set a reasonable bail in his case and that its decision on the issue of bail was arbitrary and unjust. (Doc. No. 1 at 4.)[1]

        The court is required to examine a petition for federal habeas corpus relief before requiring a response to it. See Rules 3 & 4, Rules Governing § 2254 Cases. "If it plainly appears

---

[1] While the petition is difficult to decipher, it appears that petitioner may also be alleging that his counsel was not present at his bail hearing. (See Doc. No. 1 at 4.)

1

from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." Rule 4, Rules Governing § 2254 Cases. Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

Here, the court concludes that petitioner's federal habeas petition should be summarily dismissed. "Principles of comity and federalism require that the federal court abstain and not entertain a pre-sentence habeas challenge unless the petitioner shows that: (1) he has exhausted available state judicial remedies, and (2) 'special circumstances' warrant federal intervention." Wilkins v. Ahern, No. C 12-543 SI (pr), 2012 WL 1997822 at *2 (N.D. Cal. June 4, 2012) (citing Finetti v. Harris, 609 F.2d 594, 597-98 (2nd Cir. 1979) (state prisoner challenging the constitutionality of the denial of bail in state court must exhaust state court remedies by presenting his claim to the highest state court before seeking federal habeas relief) and Younger v. Harris, 401 U.S. 37, 43-54 (1971) (holding that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances)). See also Lazarus v. Baca, 389 Fed. Appx. 700 (9th Cir. July 28, 2010)[2] (affirming dismissal on Younger abstention grounds of petitioner's federal habeas petition challenging her $10 million bail set in state court).

In this case, petitioner has not shown that he has exhausted his claim by presenting it to the California Supreme Court nor has he established that an exception to Younger abstention applies in this case so as to justify federal court intervention.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed.

---

[2] Pursuant to Ninth Circuit Local Rule 36-3, unpublished dispositions issued on or after January 1, 2007, may be cited in accordance with Fed. R. App. P. 32.1 but are not precedent.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner shall address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: December 19, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
parl502.156